IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

JONATHAN McCORD,

               Petitioner,               ORDER

    v.

                                            3:08-cv-0051-bbc

DAVID MAHONEY, Sheriff, County of Dane

               Respondent.

---

     Petitioner Jonathan McCord, incarcerated at the Dane County Jail, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks leave to proceed in forma pauperis. Petitioner has not provided the nature of the charge of which he stands convicted, the length of his sentence or the identity of the court that convicted and sentenced him. Petitioner's sole claim is that he was placed in administrative confinement in violation of his constitutional rights upon being incarcerated on August 12, 2007.

     Although petitioner has entitled his pleading "petition for writ of habeas corpus," none of his claims are cognizable under 28 U.S.C. § 2254(a). Habeas relief under § 2254 is the appropriate remedy only when a prisoner attacks the fact or duration of his custody and not conditions of confinement. 28 U.S.C. § 2254(a); Richmond v. Scibana, 387 F.3d 602, 606 (7th Cir. 2004); DeWalt v. Carter, 224 F.3d 607, 617 (7th Cir. 2000). Here,

1

petitioner is not attacking his underlying conviction or sentence; indeed, he doesn't even mention what they are.  Instead, petitioner's claims are classic § 1983 claims attacking the allegedly unconstitutional acts of his custodians in placing him in administrative confinement.  Accordingly, I am dismissing petitioner's habeas petition on its merits pursuant to § 2254(b)(2) and denying his request to proceed in forma pauperis.

If petitioner is serious about seeking relief, he must file a new lawsuit under 42 U.S.C. § 1983.  This would trigger the requirements of the Prison Litigation Reform Act, such as administrative exhaustion and full fee payment.  See 28 U.S.C. §§ 1915 and 1997e.  Unless there is more to petitioner's claim than he has presented so far, it is likely that any such lawsuit would face swift dismissal under 28 U.S.C. § 1915A(b)(1), which would then count as a "strike" under 28 U.S.C. § 1915(g).  Generally, time in administrative segregation does not trigger due process protections unless an inmate's liberty is restricted so greatly that he experienced an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995); see also Hewitt v. Helms, 459 U.S. 460, 468 (1983); Lekas v. Briley, 405 F.3d 602, 609 (7th Cir. 2005) (administrative segregation at sole discretion of prison officials); Hoskins v. Lenear, 395 F.3d 372, 375 (7th Cir. 2005).

Given the procedural consequences under the Prison Litigation Reform Act, I am not construing this purported § 2254 petition as a set of claims under  § 1983.  See Pischke v. Litscher, 178 F.3d 497 (7th Cir. 1999) (habeas petitions raising claims under § 1983 should

2

be dismissed rather than converted). It will be up to petitioner to determine whether to file a new lawsuit under the appropriate statutes.

ORDER

IT IS ORDERED that petitioner Jonathan McCord's petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 2254(b)(2). The clerk of court is directed to enter judgment closing this case.

Entered this 24th day of January, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3