IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JONATHAN McCORD,

                  Petitioner,                  ORDER

    v.

                                                    08-C-0051-C

DAVID MAHONEY, Sheriff, County of
Dane

                  Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Before the court is petitioner's request for a certificate of appealability from this court's judgment entered on January 24, 2008, dismissing his petition for a writ of habeas corpus because his claim was not cognizable under 28 U.S.C. § 2254. Petitioner has not paid the $455 filing fee. Although petitioner did not specifically seek leave to proceed <u>in forma pauperis</u> on appeal, he did so in filing his habeas petition. Therefore, I will assume he intended to seek leave to proceed <u>in forma pauperis</u> in filing his notice of appeal.

        Under 28 U.S.C. § 2253(c)(1)(A), a certificate of appealability is required for any appeal from an order in a habeas proceeding in which the "detention complained of arises out of process issued by a State court." <u>West v. Schneiter</u>, 485 F.3d 393, 394 (7th Cir. 2007). In his habeas petition, petitioner claimed that upon incarceration in the Dane

1

County Jail he was placed in administrative confinement by jail officials in violation of his constitutional rights. He did not challenge or even inform the court of the nature of the charge of which he stands convicted, the length of his sentence or the identity of the court that convicted and sentenced him. Because petitioner is challenging the actions of jail officials and not his conviction or sentencing in state court, he does not need a certificate of appealability. Anderson v. Benik, 471 F.3d 811, 814 (7th Cir. 2006) (similar holding where petitioner challenged parole revocation); Walker v. O'Brien, 216 F.3d 626, 639 (7th Cir. 2000) (challenge to result of internal discipline proceedings does not arise out of process issued by state court). See also Moffat v. Broyles, 288 F.3d 978, 980 (7th Cir. 2002) (upholding Walker and stating that test is whether challenged decision was made by a state court).

The next question is whether petitioner is entitled to proceed in forma pauperis on appeal. In addition to finding that petitioner is indigent, this court must find that petitioner is taking his appeal in good faith. 28 U.S.C. § 1915(a)(3). To find that an appeal is in good faith, a court need find only that a reasonable person could suppose the appeal has some merit. Walker, 216 F.3d at 631-32. I find that petitioner is unable to make this showing. The Court of Appeals for the Seventh Circuit has made clear that habeas relief under § 2254 is the appropriate remedy only when a prisoner attacks the fact or duration of his custody and not conditions of confinement. Richmond v. Scibana, 387 F.3d 602, 606 (7th Cir. 2004); DeWalt v. Carter, 224 F.3d 607, 617 (7th Cir. 2000). Petitioner has failed to state

a valid claim under 2254 and no reasonable person could suppose that petitioner's appeal has any merit.

Because I have found that petitioner's appeal is not taken in good faith, it is not necessary to decide whether he is indigent for purposes of appeal or whether he must prepay a portion of the fee.

ORDER

IT IS ORDERED that petitioner Jonathan McCord does not need a certificate of appealability and may proceed with his appeal. IT IS FURTHER ORDERED that petitioner's request for leave to proceed in forma pauperis on appeal is DENIED.

Entered this 11th day of February, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge